IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                  :        CASE NO. 11-06053 (ESL)

JUAN BAUTISTA RICHIEZ MARTINEZ   :
AND MERCEDES JOSEFINA POLO
APOLINARIO                :        CHAPTER 7

                                :

      Debtors              :

                                :

OPINION AND ORDER

This case is before the court upon Juan Bautista Richiez Martinez and Mercedes Josefina Polo Apolinario's (the "Debtors"), Amendment to the Motion to Reopen and Motion Requesting Reconsideration of Order dated April 3, 2013 on Motion to Reopen filed on April 12, 2013 (Docket No. 96) and Mr. Daniel Rodriguez Guillet (hereinafter referred to as "Creditor" or "Mr. Rodriguez") Opposition to Amendment to Reopen Chapter 7 Case filed on May 13, 2013 (Docket No. 97). For the reason set forth below Debtors' second motion for reconsideration is hereby denied in part and granted in part.

Facts and Procedural Background

Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on July 15, 2011. The 341 meeting of the creditors was initially scheduled for August 30, 2011 (Docket No. 8) and after various continuances the same was held on December 12, 2011and continued to January 26, 2012 (Docket Nos. 20, 22, 34, & 40). At the confirmation hearing held on December 14, 2011,the court denied confirmation of Debtors' amended plan dated November 15, 2011 (Docket No. 30) due to lack of feasibility and for failure to appear. The court held that LBR 3015-2 applies (Docket No. 41).

On January 23, 2012, the Debtors filed a voluntary application for conversion to Chapter 7 (Docket No. 43) and on January 30, 2012, the case was converted to Chapter 7 (Docket No. 45). The 341 meeting of creditors under Chapter 7 was scheduled for March 7, 2012 and, after various continuances, was held on April 18, 2012 and closed on May 14, 2012 (Docket Nos. 47, 51, 55, 65,

68 & 70).

On May 14, 2012, the Chapter 7 Trustee filed a report of no distribution (Docket No. 72). On June 19, 2012, the court granted the Debtors a discharge under 11 U.S.C. §727 (Docket No. 77). On June 19, 2012 the court ordered that the estate be closed pursuant to Fed. R. Bankr. P. 5009 (Docket No. 78).

On February 19, 2013, the Debtors filed a motion requesting that the case be reopened pursuant to 11 U.S.C. §350(b) and Fed. R. Bankr. P. 5010 to include a pre-petition unsecured debt (Mr. Rodriguez's claim) that Debtors involuntarily failed to include in their schedules (Docket No. 83). On February 19, 2013, the Debtors filed a motion to amend schedules, in particular to amend Schedule F (Creditors Holding Unsecured Nonpriority Claims) to include the money collection claim of creditor Mr. Daniel Rodriguez Guillet in the amount of $300,000 (Docket No. 81).

On February 26, 2013, Mr. Rodriguez filed his Opposition to the reopening of the Chapter 7 case based on the following; (i) the court should consider laches as a bar to an action that has been delayed too long; (ii) "...the [c]ourt must consider whether the debtor omitted a creditor to their schedules when there is no evidence of fraud or intentional design behind the omission;" (ii) the Debtors owe this Creditor the amount of $300,000 in addition to $25,000 for the painting, parts and repair of three motor vehicles; (iii) "Debtors cannot state that said claim[s] has been inadvertently omitted," in particular the claim in the amount of $25,000 because there was [a] state criminal proceeding related to this debt; and (iv) " Creditor was not notified, nor was he aware of the bankruptcy filing until the filing of the motion to reopen. This occurred because creditor filed an action for debt collection as to the debt recently notified in the amount of $300,000, money that was loaned to the debtor by the creditor" (Docket No. 86).

On March 21, 2013, the Debtors filed their reply to Creditor's opposition to reopen the Chapter 7 case based on the following: (i) "[a]s per the attached documents it is clear that debtors proved the unreasonable doubt that no such debt has been incurred. As a matter of fact an expert witness provided evidence that debtor, Juan Richiez, signature was forged;" (ii) "Creditor, Daniel Rodriguez Guillet, is violating the discharge provision and protection in favor of the debtors by filing a post-petition claim with full knowledge that debtors filed for bankruptcy;" (iii) "...the creditor is

trying to create an issue about lack of knowledge of the instant case when the debtors have always denied the exist[ence] of the claimed debt;" and (iv) "debtors fully compl[y] with [Fed. R. Bankr. P.] 5010, since they cannot reorganize their financial situation unless this Honorable Court grants the discharge of creditor, Daniel Rodriguez Guillet, $300,000.00 claim debt" (Docket No. 90).

On April 1, 2013 the court ordered ("First Order") as follows: "[t]he motion filed by Debtor (docket #83) is hereby denied. (See dockets #86 & #90). The Debtors may pursue in state courts whatever remedy they deem appropriate re amounts owed to Mr. Daniel Rodríguez Guillet, if any." (Docket No. 91).

On April 1, 2013, the Debtors filed a motion requesting reconsideration of denial of motion to reopen by arguing that; (i) "[a]s provided in Collier Section 523.06[5][1], 'It is not [un]common for a debtor to discover, after [the] entry of [the] discharge order and the closing of a no-asset chapter 7 bankruptcy case, that a creditor was omitted f[rom] the schedules. Some debtors, apparently believing that debts must be scheduled to be discharged, have moved to reopen the case to amend the schedules to add the creditor. Some courts have permitted this unless there is evidence of fraud or intentional design in omitting the creditor from the schedules. Other courts have refused to permit the reopening of a bankruptcy case to permit a debtor to schedule an omitted debt. Under the language of section 523(a)(3)(A) it is unnecessary to reopen a case to obtain a dischar[g]e of an unscheduled debt in a no-asset case. In a no-asset chapter 7 case, no deadline is set for the filing of claims. Therefore, the lack of notice to the creditor does not deprive the creditor of the opportunity to file a timely proof of claim. In such circumstances, unless the debt falls within subsection 523(a)(2), (a)(4) or (a)(6), it is discharged. If the debt does fall within those subsections, since the deadline for filing a dischargeability complaint will have passed before the case is closed, reopening the case will not alter the fact that the debt is nondischargeable;'" (ii) "[w]hen a no asset no bar Chapter 7 case has been closed dischargeability of debt (is unaffected by scheduling);" (iii) "...[s]ection 523(a)(3)(A) i[s] inapplicable when a chapter 7 case is a no asset and no claims bar date has been set" Watson v. Parker

---

[1] The court notes that the proper citation is: Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶523.09[5] (16th ed. 2013).

(In re Parker), 264 B.R. 685, 695 (B.A.P. 10th Cir. 2001); (iv) "[t]he instant case is a no asset case and if debtor[s] are not allowed to reopen the present case to add this pre-petition creditor, still this Honorable Court not have allowed such creditor to pursue in State Court whatever remedy they deem appropriate because the debt that the debtor wishes to include in his schedules is not a Section 523 non dischargeable debt;" and (v) Creditor has not offered a reasonable explanation or evidence as to whether their pre-petition claim is non-dischargeable (Docket No. 92). On April 3, 2013, the court denied Debtors' motion for reconsideration of denial of motion to reopen (Docket No. 92) because unscheduled debts are not dischargeable (Docket No. 93) ("Second Order").

On April 12, 2013, the Debtors filed an Amendment to the Motion to Reopen and Motion Requesting Reconsideration of Order dated April 3, 2013 on Motion to Reopen based upon the following arguments; (i) the Debtors did not list the alleged claim incurred in the year 2001 in the amount of $280,000 because the loan never existed; (ii) Debtors request that their case be reopened under 11 U.S.C. §350(b) and Fed. R. Bankr. P. 5010 to include a creditor that was omitted by no fault of the Debtor Juan Bautista Richiez Martinez because at the time the petition was filed, Debtor Juan Bautista Richiez Martinez never received any of the alleged $280,000 from Mr. Rodriguez or the alleged $25,000 for the alleged repairs of three vehicles; (iii) Debtor Juan Bautista Richiez Martinez believe that the alleged debt is a fraudulent claim against him. "Notwithstanding the alleged facts, the forced conclusion is that if that debt existed at the time of filing, which it did not (the civil complaint was filed in 2013 well after this case was filed in 2012), it is logical that if the debtor owed such amount, or had had any knowledge of this claim at the time the case was filed, which he did not, he would have been the first creditor to list since such debt would have been equally discharged with his other debts;" (iv) "[a] majority of courts have determined that a debt is discharged in a no-asset case, even when the creditor is unlisted at the time of the discharge, if the creditor is later informed of the bankruptcy discharge. Courts following this rule recognize that no harm has been suffered by an unlisted creditor in a no-asset case because the creditor did not miss out on the distribution of non existing assets;" (v) "[t]he 'no harm, no foul' rule has been used in situations where a debtor innocently forgot to list a creditor and where there is no deadline to file claims. The exception for courts following the majority approach is where the creditor can establish that it was fraudulently

4

omitted from the bankruptcy schedules;" (vi) "[t]he Fifth Circuit in Stone v. Caplan, 10 F. 3d 285 (5th Cir. 1994), following the majority approach, enunciated a three-factor test to determine whether a debtor's failure to list a creditor would prevent discharge of an unscheduled debt. The court held that if the discharge in a no-asset case is challenged through a §523 dischargeability proceeding, the court must examine (1) the reasons the debtor failed to list the creditor, (2) the amount of disruption that would likely occur if the creditors were added to the discharge and (3) any prejudice suffered by the listed creditors and the unlisted creditor in question;" (vii) the First Circuit in Colonial Surety Co. v. Weizman, 564 F. 3d 526 (1st Cir. 2009) concluded that; "[i]t is true that an unnotified creditor is not entirely helpless even after the bankruptcy proceeding is long over: the discovery of overlooked assets and the opportunity to prove fraud can be grounds for reopening the bankruptcy. But so, too, can a debtor move to reopen to list a debt where the failure to give notice was innocent and can be shown to have caused no harm; consistent with *Stark*, we conclude that in such a case the debtor would be entitled to such relief. Yet the burden of doing so is fairly upon the debtor who failed to give notice-- or so Congress seems to have thought;" and (viii) "[i]t is the applicable interpretation of the Honorable First Circuit Court that an unlisted debt or claim will not be discharged according to Section 523 of the Bankruptcy Code , 11 U.S.C. §523, unless the debtor is able to show that such omission was "innocent," and "equitable" circumstances exist to move the court's discretion to reopen a no-asset case to include an unlisted creditor so that the debtor could obtain a discharge against such claim" (Docket No. 96).

The court notes that Debtors as part of their argument in the Amendment to the Motion to Reopen and Motion Requesting Reconsideration of Order dated April 3, 2013 on Motion to Reopen, included verbatim the article titled, *The Law of Reopening Revisited,* which discusses the jurisprudence (until the year 2001) in other Circuits regarding the re-opening of no-asset chapter 7 cases to include omitted debts.  However, the court also notes that the Debtors omitted the last two paragraphs of said article which discusses the reasons when the reopening of closed no-asset cases

is unjustified.[2] See Alexander L. Edgar, *The Law of Reopening* Revisited (2001), http://www.justice.gov/ust/eo/public_affairs/articles/docs/abi012001.html. On May 13, 2013, the Creditor filed its Opposition to Amendment to Reopen Chapter 7 Case arguing that the Debtors may address this issue regarding the validity of the debt at the state court level which is consonant with this court's Order denying Debtors' motion to reopen (Docket No. 91) and with this court's Order (Docket No. 93) denying Debtors' first motion for reconsideration because unscheduled debts are not dischargeable (Docket No. 97).

Applicable Law & Analysis

The first issue that this court must address is whether the court altered its judgment (legal basis) in its Second Order denying the Debtors' first motion for reconsideration based upon that unscheduled debts are not dischargeable as in its First Order denying the Debtors' motion to reopen their Chapter 7, wherein the court stated that the Debtors may pursue in state courts whatever remedy they deem appropriate regarding amounts owed to Mr. Daniel Rodriguez Guillet, if any. This determination is critical to determine if the second motion to reconsider was timely and properly filed.

---

[2] The last two paragraphs that were omitted from the cited article by the Debtors read as follows:

"Notwithstanding the right of debtors to a fresh start, however, reopening a closed no-assets consumer case to add omitted creditors is not justified for at least two reasons: 1) amending schedules is 'pointless' because the omitted debt is already discharged, and 2) the reopening process creates an unnecessary administrative burden on the courts, clerk's offices, creditors, bankruptcy practitioners and the United States Trustee. See In re Thibodeau, 136 B.R. 7, 8 n.2 (Bankr. D. Mass. 1992) (reopening to list an omitted creditor in a no-asset case just to give the debtor peace of mind does not justify the administrative burden that it would impose on the court).

Therefore, in a case where there are no assets to be distributed to creditors, no relief to be accorded to the discharged debtor, and no 'other cause' shown for reopening, the courts should adopt the *Madaj* analysis and decline to reopen the debtor's Chapter 7 bankruptcy case to add an omitted creditor because of the plain language of §350(b), §727(b), §523(a) and Fed. R. Bankr. P. 2002(e). Scheduling an omitted creditor in a reopened case is irrelevant to discharging the unlisted debt. Thus, in the typical no-asset consumer case, the debtor must articulate a specific reason qualifying as 'other cause' under §350(b) in order to justify reopening and obtaining relief." Alexander L. Edgar, *The Law of Reopening Revisited*, (2001), at http://www.justice.gov/ust/eo/public_affairs/articles/docs/abi012001.html.

Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in *haec verba*. See Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D. P.R. 1999), aff'd, 17 Fed. Appx. 5 (1st Cir. 2001); Van Skiver v. United States, 952 F. 2d 1241, 1243(10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F. 2d 167, 173 (5th Cir. 1990), cert. denied, 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F. 3d 1069,1075-76 (5th Cir. 1994); Perez Mujica v. FirstBank P.R. (In re Perez Mujica), 470 B.R. 251, 253(Bankr. D. P.R. 2012). Rather, federal courts have considered motion so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). See Fisher v. Kadant, Inc., 589 F. 3d 505, 512 (1st Cir. 2009)(noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen][3] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Van Skiver, 952 F. 2d at 1243. "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." See In re Lozada Rivera, 470 B.R. 109, 112-113 (Bankr. D. P.R. 2012).

When a final judgment has been entered, and a timely filed Fed. R. Civ. P. 59 motion resulted in the entry of a second judgment that changed the legal rights of the parties, and the parties filed a successive Rule 59 motion, "[t]he timeliness of the successive motion comes from the alteration of the judgment. A significant change in a judgment starts all time periods anew, whether the district court alters the judgment at the request of a party or on its own motion." Charles v. Daley, 799 F. 2d 343, 348 (7th Cir. 1986) citing FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211 (1952). "The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with

---

[3] See the most recently amended version of Fed. R. Bankr. P. 9023.

finality." Kraft, Inc. v. United States, 85 F. 3d 602, 605 (Fed. Cir. 1996) citing FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. at 211-213. Accordingly, in Kraft, Inc. v. United States, 85 F. 3d at 605, the Court of Appeals for the Federal Circuit noted that "a motion to reconsider a revised judgment tolls the time for appeal only in instances where the second judgment presents a new significant adverse ruling against the movant which the movant has no previous opportunity to challenge." Courts discourage the filing of successive Fed. R. Civ. P. 59(e) motions as "wasteful of judicial resources." Arnold Farmers Ins. Co., 2012 U.S. Dist. LEXIS 67262 at *19, 2012 WL 1684537 at *7 (D.N.M. 2012). The United States Court of Appeals for the Federal Circuit has explained that "[s]uccessive motions periods, which would encourage piecemeal attack on a judgment and delay appeals are not authorized. Once a district court has denied timely filed tolling motions, the litigants must appeal if they wish to further challenge a judgment, except for the special circumstances recognized in [Fed. R. Civ. P.] 60(b). Kraft, Inc. v. United States, 85 F. 3d at 605 (citation omitted). See also; Venable v. Haislip, 721 F. 2d 297, 299 (10th Cir. 1983)(noting that "a motion to reconsider an order disposing of a motion that tolled the running of the time for appeal typically does not again toll the running of the appeal period"). The Court of Appeals for the Fifth Circuit has also ruled that "[t]he interest in finality requires that parties generally get only one bite at the [Fed. R. Civ. P.] 59(e) apple for the purpose of tolling the time for bringing an appeal" and that, even when a federal trial court grants an initial "motion fo reconsideration [brought under Fed. R. Civ. P. 59] but, in the same order, had made it clear that the effect of the judgment was unchanged," a second motion for reconsideration is "condemned by well-established authority in this and other circuits." Charles L.M. v. Northeast Independent School Dist., 884 F. 2d 869, 870-871 (5th Cir. 1989). See also; Ysais v. Richardson, 603 F. 3d 1175, 1178 (10th Cir. 2010) (holding in case where plaintiff filed a motion seeking reconsideration of an "order denying his motion for reconsideration of the amended final judgment ...[that] this second motion for reconsideration...did not extend the time for filing a notice of appeal from the underlying amended final judgment").

In the instant case, the Debtors' motion to reopen the Chapter 7 case (Docket No. 83) was denied and the court in its First Order stated that, "[t]he Debtors may pursue in state courts whatever remedy they deem appropriate re amounts owed to Mr. Daniel Rodriguez Guillet, if any" (Docket No.

8

91). Thereafter, the first motion for reconsideration of denial of motion to reopen was denied because "unscheduled debts are not dischargeable" (Docket No. 93). This court finds that Debtors' second motion for reconsideration under Fed. R. Civ. P. 59(e) was timely filed since the same was filed within the 14 days afforded in Fed. R. Bankr. P. 9023. Moreover, this court finds that the second motion for reconsideration is proper because the judgment from which reconsideration was sought had a different legal basis than the initial Order denying the motion to reopen the Chapter 7 case.

*Reopening of a No-Asset Chapter 7 Case to Include Omitted Debts, Fed. R. Bankr. P. 5010, 11 U.S.C. §§350(b), 523(a) and 727(b)*

The court now addresses the merits of the second motion for reconsideration of this court's Order denying the reopening of the case. Fed. R. Bankr. P. 5010 provides, "[a] case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case." Fed. R. Bankr. P. 5010. Section 350(b) provides that; "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). "The language of section 350(b) gives the court broad discretion in the reopening of a case." Alan N. Resnick & Henry J. Sommer, 3 <u>Collier on Bankruptcy</u> ¶350.03 (16th ed. 2013).

The Debtors received their discharge pursuant to 11 U.S.C. §727 on June 19, 2012 ( Docket No. 77). Section 727(b) provides that; "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is allowed under section 502 of this title." 11 U.S.C. §727(b). In the instant case, Debtors want to reopen their Chapter 7 no-asset case to include (list) two (2) debts (from the same Creditor) in their schedules that they failed to list prior to the entry of the discharge Order. The Creditor has not alleged that these two (2) debts are of the kind (fraudulent) specified in Section 523(a)(2), (4) and (6).

Section 523(a)(3)(A) provides the following regarding unscheduled debts as an exception to discharge; "(3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit– (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing." 11 U.S.C. §523(a)(3)(A).

It is an uncontested fact that this is a Chapter 7 no-asset case. This court is aware that the Courts are split regarding the issue of whether a debtor's intent in failing to schedule a claim is relevant to a court's decision whether to reopen a Chapter 7 no-asset case pursuant to 11 U.S.C. §350(b) when no claims bar date has been set. See Watson v. Parker (In re Parker), 264 B.R. 685, 693 (B.A.P. 10th Cir. 2001), aff'd, 313 F. 3d 1267 (10th Cir. 2002). There are courts that determine intent based under the equitable clean hands doctrine and the other courts employ the mechanical approach in which intent is irrelevant. Id. at 693 citing In re Cruz, 254 B.R. 801, 807 (Bankr. S.D.N.Y. 2000) (collecting cases). Courts that use the equitable approach to determine whether to reopen a case under section 350(b) "...examine the circumstances surrounding the failure to list a certain creditor. These courts have found that motions to reopen should be granted unless the omission was the result of fraud or intention." Id. at 693-694 referencing Stark v. St. Mary's Hospital (In re Stark), 717 F.2d 322 (7th Cir. 1983) (per curiam); Faden v. Ins. Co. of North America (In re Faden), 96 F. 3d 792, 797 (5th Cir. 1996); Samuel v. Baitcher (In re Baitcher), 781 F.2d 1529, 1534 (11th Cir. 1986). However, the Third, Sixth, Ninth and Tenth Circuits have held that pursuant to the plain language of the Bankruptcy Code (in particular 11 U.S.C. §§727(b) and 523(a)(3)(A)) the unlisted (unscheduled) debt is discharged by operation of law and thus, to reopen a Chapter 7 no-asset, no bar date case, to schedule a previously unlisted debt has no effect on the dischargeability of the debt. See In re Parker, 264 B.R. at 694; Zirnhelt v. Madaj (In re Madaj), 149 F. 3d 467, 471 (6th Cir. 1998); Judd v. Wolfe (In re Judd), 78 F.3d 110, 115 (3rd Cir. 1996); Beezley v. California Land Title Co. (In re Beezley), 994 F. 2d 1433 (9th Cir. 1993) (per curiam). Thus, these Circuits find that reopening of a Chapter 7 no-asset, no bar date case is unnecessary if the debt in controversy was dischargeable because it did not meet the exceptions found in 11 U.S.C. §523(a)(3)(A) or (B).

The First Circuit in Colonial Sur. Co. v. Weizman, 564 F. 3d 526 (1ˢᵗ Cir. 2009) held that in a Chapter 7 no- asset, no bar date pursuant to 11 U.S.C. §523(a)(3), a creditor must be listed, or have actual notice or knowledge of the debtor's bankruptcy filing for the underlying debt to be discharged. ("This language, as we read it, provides what one might expect to be the general rule: that if the debtor fails to list a supposed creditor's claim–meaning that the creditor will not be notified of the opportunity to participate in the proceeding (and the creditor does not otherwise happen to know of the bankruptcy), the debt is not discharged). The First Circuit in Colonial Sur. Co. v. Weizman, stated the following; "[i]t is true that an unnotified creditor is not entirely helpless even after the bankruptcy proceeding is long over: the discovery of overlooked assets and the opportunity to prove fraud can be grounds for reopening the bankruptcy. But so, too, can a debtor move to reopen to list a debt where the failure to give notice was innocent and can be shown to have caused no harm; consistent with Stark, we conclude that in such a case the debtor would be entitled to such relief. Yet the burden of doing so is fairly upon the debtor who failed to give notice–or so Congress seems to have thought." Id. at 532.

The First Circuit in Colonial Sur. Co. v. Weizman, held that, "....a debtor who moves to reopen to list a debt long after discharge surely must show that the omission was innocent and, even so, can probably be countered by anything that makes it inequitable to grant such relief." Id. This court is bound by the First Circuit case of Colonial Sur. Co. v. Weizman. Thus, before reopening the case to include the omitted claims, the court must first hold a hearing to examine the circumstances surrounding the failure to list the same.

Conclusion

The court finds that Debtors' second motion for reconsideration under Fed. R. Civ. P. 59(e) was timely filed pursuant to Fed. R. Bankr. P. 9023 and that the same is proper because the judgment from which reconsideration was sought had a different legal basis than the initial Order denying the motion to reopen the Chapter 7 case. The court denies in part the second motion of reconsideration as to the Debtors request to amend his schedules and extend the discharge and grants in part the same to schedule a hearing to determine whether to reopen the case to include omitted claims. An evidentiary hearing is scheduled for September 17, 2013 at 10:30am.  Ten (10) days prior to the

hearing each of the parties shall file proposed findings of fact, each finding shall make a reference to a document or be submitted as an exhibit or the testimony of a witness.

SO ORDERED.

In San Juan, Puerto Rico, this 19th day of July 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge